# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

_____
                                        )
CAROL L. BARSKY, M.D.,                  )          Case No.: 1:26-cv-00259-SE-TSM
                                        )
*Plaintiff*,                            )
                                        )
v.                                      )
                                        )
DARTMOUTH-HITCHCOCK MEDICAL             )
CENTER, DARTMOUTH-HITCHCOCK             )
CLINIC, MARY HITCHCOCK                  )
MEMORIAL HOSPITAL, and                  )
DARTMOUTH-HITCHCOCK HEALTH,             )
                                        )
*Defendants*.                           )
_____ )

## DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:** August 5, 2026.

**COUNSEL PRESENT/ REPRESENTING**:

- Sarah H. Nunan, Geoffrey J. Vitt, and Sarah J. Merlo of Vitt & Nunan representing Plaintiff Dr. Carol Barsky.

- Donald Schroeder, Katharine Beattie, Victoria Breese, of Foley & Lardner LLP for Defendants Dartmouth Hitchcock Health, Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, and Mary Hitchcock Memorial Hospital ("Dartmouth Health").

## CASE SUMMARY

**THEORY OF LIABILITY**:

Dr. Carol Barsky was the Chief Quality and Value Officer of Dartmouth Health ("DH"). The Board of Directors of Dartmouth Health directed Joanne Conroy, its CEO, to have Dr. Barsky evaluate whether there were safety risks to patients by reason of DH having purchased large quantities of medical supplies on the gray market.

Dr. Barsky determined that a large quantity of medical supplies, which had been purchased at great cost, were likely unsafe for patient use in clinical care. She promptly took steps to remove such medical supplies from active use. Dr. Conroy asserted that there was an insufficient basis to remove the medical supplies, and she was sharply critical of Dr. Barsky for having made a decision

to stop using them.  In addition, Dr. Barsky's inquiry revealed failures in oversight by the Chief Operating Officer (a close personal friend of Dr. Conroy) that led to his resignation.

Dr. Conroy was furious at Dr. Barsky and she began a concerted program of retaliation culminating in Dr. Barsky's termination on the pretextual grounds of "bullying" a colleague.

**THEORY OF DEFENSE**:

Dartmouth Health's theory of defense is that it terminated Plaintiff Carol Barsky, M.D.'s ("Dr. Barsky") employment for legitimate, non-discriminatory, and lawful reasons unrelated to any alleged protected activity. Dartmouth Health expects to show that Dr. Barsky's termination was based on serious concerns regarding a pattern of disruptive, unprofessional, and insubordinate conduct, including conduct Dartmouth Health contends was consistent with a broader pattern of unacceptable and insubordinate behavior. Dartmouth Health further denies that Dr. Barsky engaged in protected activity. Dartmouth Health denies that Dr. Barsky "blew the whistle" on any concealed wrongdoing: the supply-chain issues on which she bases her claims were already known to Dartmouth Health, had already prompted internal review, and were brought to Dr. Barsky's attention by Dartmouth Health when Joanne Conroy, M.D. ("Dr. Conroy") tasked her with conducting an internal review of potential impact to patient care and develop an action plan to address any such impact. Dartmouth Health also denies that Dr. Barsky's employment was terminated in retaliation, and will show that she cannot establish protected activity, pretext, or any causal nexus between her alleged protected activity and any adverse employment action.

**DAMAGES**:

1. Punitive damages
2. Lost income
3. Lost benefits
4. Emotional distress damages
5. Reputational harm
6. Attorney's fees

**JURISDICTIONAL QUESTIONS**: None at this time.

**QUESTIONS OF LAW:** To be determined.

**TYPE OF TRIAL**: Jury.

## SCHEDULE

**TRACK ASSIGNMENT:**

Defendants' Proposed Track: Standard – 12 MONTHS.

**TRIAL DATE:**

*Plaintiff's Proposed Trial Date*: Two-week trial period beginning October 19, 2027.

*Defendants' Proposed Trial Date*: Two-week trial period beginning October 19, 2027.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

*Proposed Deadline*: December 4, 2026.

**AMENDMENT OF PLEADINGS:**

*Proposed Deadlines:* Plaintiff:  January 4, 2027.     Defendants:     January 4, 2027.

**JOINDER OF ADDITIONAL PARTIES:**

*Proposed Deadlines:* Plaintiff:  January 4, 2027.     Defendants:     January 4, 2027.

**MOTIONS TO DISMISS:**  N/A

**THIRD-PARTY ACTIONS:**

*Proposed Deadline*: January 4, 2027.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Expert disclosures as to the matters that the parties will bear the burden of proof:

*Proposed Deadline*: March 19, 2027.

Rebuttal expert disclosures:

*Proposed Deadline*: April 19, 2027.

Supplementations under Rule 26(e) due:

*Proposed Deadline:* No later than 30 days before the deadline to submit challenges to expert testimony.

The parties have not stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).

**COMPLETION OF DISCOVERY:**(1) *Date all discovery complete:*

*Proposed Deadline:* June 1, 2027.

**MOTIONS FOR SUMMARY JUDGMENT:**

*Proposed Deadline:* June 21, 2027.

**CHALLENGES TO EXPERT TESTIMONY:**

*Proposed Deadline:* September 4, 2027.

# DISCOVERY

**DISCOVERY NEEDED:**

- By Plaintiff:
  For the relevant period, emails, texts, communications, documents, agendas, meeting minutes, and testimony regarding: (1) Joanne Conroy's directives, actions, communications, about the investigation and Dr. Carol Barsky, (2) Board of Trustee directives, actions, communications, about the investigation and Dr. Carol Barsky, (3) related to the exclusion, treatment, and termination of Dr. Carol Barsky, (4) reports and presentations (all drafts and versions) related to the supply chain investigations, and (5) all contracts and engagement letters of those performing investigations of supply chain problems.

- By Defendants:
  For the relevant period, documents, communications, testimony, and information relating to (1) Dr. Barsky's job performance, conduct, and interactions with colleagues, supervisors, and subordinates, including the specific incidents underlying Dartmouth Health's determination that Dr. Barsky engaged in a pattern of disruptive, unprofessional, and insubordinate conduct; (2) the timeline and substance of Dr. Barsky's alleged protected activity; (3) communications between Dr. Barsky and other employees regarding the matters at issue in this litigation; and (4) Dr. Barsky's allegations.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** Initial disclosures shall be exchanged by no later than July 31, 2026.

**INTERROGATORIES**: The number allowed by each party to any other party under the Fed. R. Civ. Rules of Procedure. Responses due thirty (30) days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:** The number allowed by each party to any other party under the Fed. R. Civ. Rules of Procedure. Responses due thirty (30) days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:** The number allowed by each party to any other party under the Fed. R. Civ. Rules of Procedure. Each deposition limited to a maximum of seven (7) hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):** The parties are conferring regarding an ESI Protocol to govern the exchange of electronically stored information in this matter, and intend to submit a proposed ESI Protocol for so-ordering.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):** The parties will file a Joint Motion for a Protective Order.

# OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**

*(1)    is likely*
*(2)    ==is unlikely==*
*(3)    cannot be evaluated prior to (date)*
*(4)    may be enhanced by ADR:*
         *(a) request to the court*
         *(b) outside source*

**JOINT STATEMENT RE: MEDIATION:** The parties do not plan to pursue mediation at this time.

**TRIAL ESTIMATE:**  14 days.

**WITNESSES AND EXHIBITS:**

- Witness and exhibit lists, included in final pretrial statements, are due ten (10) days before final pretrial conference but not less than thirty (30) days before trial.
- Objections are due fourteen (14) days after filing of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:** Plaintiff and Defendants request a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS:**  N/A.