UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CAROL L. BARSKY, M.D., Plaintiff, v. DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, Defendants. | Docket No. 1:26-cv-259-SE-TSM |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR A REMOTE DISCOVERY CONFERENCE TO COMPEL DEFENDANTS TO PROVIDE DEPOSITION DATES**

The parties agree on the facts that gave rise to this Motion: Plaintiff noticed the depositions of four witnesses—Kimberly Gibbs, Roberta Hines, Pamela Thompson, and Mark Begor—on August 24, 2026; the parties conferred to discuss the noticed depositions on September 17, 2026, but were unable to reach an agreement; and Defendants have offered no firm or alternative deposition dates. The parties also agree on the need for a remote discovery conference. Defendants ask the Court, however, to unnecessarily delay scheduling such a conference until they file a Motion for Protective Order they claim they will file "on or before October 15, 2026," the very day of the first noticed deposition. (*See* Opp'n ¶ 4.) Their request should be denied.

Defendants have had six weeks to file their motion and have not. A party that seeks to be relieved of a properly-noticed deposition must move promptly for a protective

order under Fed. R. Civ. P. 26(c)—withholding witnesses and deferring the dispute indefinitely without seeking relief from the Court, as Defendants are doing, is improper. *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007) ("[T]here is no provision in the rules which provides for a party whose deposition is noticed to serve objections so as to be able to avoid providing the requested discovery until an order compelling discovery is issued.").

As further proof of the need for a discovery conference, Defendants have yet to respond to Plaintiff's written discovery requests, also served on August 21, 2026. Defendants may claim that "Plaintiff is able to effectively obtain whatever information she seeks" via the noticed depositions "through the discovery requests she has already made." (*See* Opp'n ¶¶ 5–6.) That would require timely responding to the requests. At any rate, Defendants' argument misses the mark. The depositions of Gibbs, Hines, Thompson, and Begor are not duplicative of Plaintiff's written discovery requests and instead will seek those individuals' testimony concerning their "first-hand knowledge related to the claim being litigated." *Bogan v. City of Bos.*, 489 F.3d 417, 423 (1st Cir. 2007); *Gonzalez Berrios v. Mennonite Gen. Hosp., Inc.*, No. CV 18-1146 (RAM), 2019 WL 4785701, at *3 (D.P.R. Sept. 30, 2019) (applying *Bogan* to corporate officers).

These unnecessary delays prejudice Dr. Barsky, who is yet to receive any discovery from Defendants with which to prepare and move her case forward. Moreover, Plaintiff selected the October deposition dates to coincide with the Board of Trustees meeting, when the non-local trustees would be in the Upper Valley; postponing past that window forfeits that efficiency and complicates the coordination of court reporters and witness schedules. Defendants should not be permitted to further delay this case by

waiting for them to seek a protective order—something they should have done weeks ago.

Finally, should Defendants provide firm dates only after the Court's intervention, Federal Rule of Civil Procedure 37(a)(5)(A) provides for the movant's reasonable expenses incurred in bringing the Motion, and Plaintiff reserves the right to seek them.

For these reasons, as well as those in the underlying motion, Plaintiff respectfully requests that the Court convene a discovery conference before the Magistrate Judge, to be held remotely by videoconference or telephone, at the Court's earliest convenience; order the depositions of the four noticed witnesses; and grant such other relief as the Court deems just and proper.

DATED: October 9, 2026

Respectfully submitted,

Carol L. Barsky M.D.

By her attorneys,

Vitt & Nunan, PLC

By: Sarah Merlo

Sarah Merlo (NH Bar #20361)
Geoffrey J. Vitt (NH Bar #9095)
Sarah H. Nunan (*pro hac vice*, VT Bar #5910)
Vitt & Nunan, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700
smerlo@vittnunanlaw.com
gvitt@vittnunanlaw.com
snunan@vittnunanlaw.com

Matthew J. Connolly (*pro hac vice*,
MA Bar #676954)
Emily Grannon Fox (*pro hac vice*,
MA Bar #682267)
Nutter McClennen & Fish, LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
mconnolly@nutter.com
efox@nutter.com