UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CAROL L. BARSKY, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH,<br><br>Defendants. | Docket No. 1:26-cv-259-SE-TSM |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS AND INTERROGATORIES**

Plaintiff Carol L. Barsky, M.D., respectfully moves under Federal Rule of Civil Procedure 37(a) and Local Rule 37.1 for an order compelling Defendants to provide their responses to Plaintiff's First Set of Requests to Produce and First Set of Interrogatories and to produce the text messages requested in Plaintiff's First Set of Requests to Produce. Defendants' responses were originally due on September 21, 2026, and Plaintiff agreed to Defendants' request for a three-week extension, until October 12, 2026. As of this filing, Defendants have provided no responses or documents, nor a clear timeline of when they intend to do so. Indeed, they have not even confirmed whether they have begun reviewing potentially-responsive documents. As further grounds for this motion, Plaintiff states as follows:

## BACKGROUND

On August 21, 2026, Plaintiff served her First Set of Requests to Produce (the "Requests to Produce") seeking text messages relevant to Plaintiff's claims and her First Set of Interrogatories ("Interrogatories") on Defendants.[1] On September 18, 2026, counsel for Defendants requested a three-week extension, until October 12, 2026, to respond to both discovery requests. Defendants expressly agreed to provide responsive documents by that date, and Plaintiff agreed to the extension. (Ex. C.) On October 6, 2026, counsel for Defendants requested a further two-week extension to respond to the Requests to Produce and Interrogatories and to produce the requested text messages. Their stated rationale for the second extension request—that they were "engaging a third-party vendor to assist" with text message collection—suggested that Defendants had not yet started their collection efforts. (Ex. D.)[2]

Counsel for the parties held a meet-and-confer conference on October 12, 2026. During the conference, counsel for Defendants made clear they had not collected text messages for at least some custodians and would not commit to providing responsive documents by their new proposed deadline. Despite multiple requests during the conference and in subsequent correspondence, Defendants would not confirm the status of the collection or provide a firm date by which they would produce responsive

---

[1] The Requests to Produce and Interrogatories are attached hereto as Exhibits A and B.

[2] In the correspondence, Defendants' counsel claims that the reason for the delay on Interrogatories was due to an associate who was soon returning from paternity leave. But during the meet-and-confer, Defendants' counsel indicated the reason was due to further client review needed before finalizing the responses.

documents. (*Id.*)[3] As of the date of this motion, Defendants have provided no responses to Plaintiff's Requests to Produce or Interrogatories.

**ARGUMENT**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "If a party fails to respond to discovery requests, the party seeking discovery may move to compel discovery responses after first attempting in good faith to resolve the problem without court action." *Thompson v. Citigroup Mortg. Loan Tr. 2019-D*, No. 22-CV-350-SM-AJ, 2023 WL 9748641, *3 (D.N.H. Dec. 28, 2023); Fed. R. Civ. P. 37(a). "Initially, the party moving to compel bears the burden of showing that the discovery it seeks is relevant." *Thompson*, 2023 WL 9748641, at *3 (internal citations omitted).

Plaintiff seeks responses to Requests to Produce and Interrogatories that are relevant to the issues of this case: Termination of Plaintiff's employment by Defendants; the decisionmakers in Defendants' termination of Plaintiff's employment; retaliatory conduct toward Plaintiff; Defendants' affirmative defenses, including purported nonretaliatory reasons for terminating Plaintiff's employment; the supply chain issues at Defendants that Plaintiff alleges she was terminated for investigating; and Plaintiff's presentation to the Dartmouth Health Board of Trustees concerning the same. Defendants do not deny the relevance of the requests to these issues. Instead, they refuse to meet the

---

[3] As the attached correspondence shows, Plaintiff would agree to a rolling production. But Defendants should have made that request before the extended deadline by which they agreed to produce responsive documents.

deadlines they requested. Indeed, as of this filing—three days after the deadline—they have yet to provide a proposed schedule to consider. Their continued refusal to meet discovery deadlines is improper and prejudicial to Plaintiff, who has been unable to move her case forward due to Defendants unresponsiveness. *See Winsor v. TBD Pizza, Inc.*, No. 19-CV-992-SM, 2021 WL 11747095, *1 (D.N.H. Mar. 12, 2021) ("parties to a law suit must accept [the] travails [of discovery] as a natural concomitant of modern civil litigation").

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court:

1. Order Defendants to provide their responses to the Requests to Produce;
2. Order Defendants to produce the text messages requested in the Requests to Produce;
3. Order Defendants to provide their answers to the Interrogatories;
4. Order Defendants' payment of Plaintiff's reasonable expenses incurred in making this motion, including attorney's fees; and
5. Grant such other relief as the Court deems just and proper.

DATED: October 15, 2026

Respectfully submitted,

Carol L. Barsky M.D.

By her attorneys,

Vitt & Nunan, PLC

By: Sarah Merlo

Sarah Merlo (NH Bar #20361)
Geoffrey J. Vitt (NH Bar #9095)
Sarah H. Nunan (*pro hac vice*, VT Bar #5910)
Vitt & Nunan, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700

smerlo@vittnunanlaw.com
gvitt@vittnunanlaw.com
snunan@vittnunanlaw.com

Matthew J. Connolly (*pro hac vice*, MA Bar #676954)
Emily Grannon Fox (*pro hac vice*, MA Bar #682267)
Nutter McClennen & Fish, LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

mconnolly@nutter.com
efox@nutter.com