EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CAROL L. BARSKY M.D.,<br><br>Plaintiff,<br><br>v.<br><br>DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH,<br><br>Defendants. | Docket No. 1:26-cv-259-SE-TSM |

**PLAINTIFF'S FIRST SET OF REQUESTS TO PRODUCE TO DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Hampshire, Plaintiff Carol L. Barsky, M.D., by and through her attorneys, Vitt & Nunan, PLC, requests that Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health produce for copying and inspection the First Set of Requests to Produce ("Requests") at the offices of Vitt & Nunan, PLC, 8 Beaver Meadow Road, P.O. Box 1229, Norwich, VT 05055, within thirty (30) days of service of these Requests.

These Requests seek Text Messages only. They do not call for the production of email, letters, memoranda, reports, paper documents, or any other form of document or electronically stored information, except to the extent necessary to produce a responsive Text Message in the form specified below.

## INSTRUCTIONS

1. You are requested to produce all responsive Text Messages that are in your possession, custody, or control, including such data residing on any custodian's mobile device, personal or company-issued cellular telephone, or messaging or collaboration platform. For each Text Message, identify which specific Request it is responsive to. If no responsive Text Messages are within your possession, custody, or control, state so in writing in your response to the specific Request, and identify the basis for that position.

2. If any responsive Text Message has been lost, destroyed, or otherwise is no longer in your possession, custody, or control, provide for each such Text Message:

   a. the sender and all recipients of the Text Message;

   b. the date and time of the Text Message (or state that it is undated);

   c. a description in reasonable detail of the Text Message;

   d. the reason the Text Message is no longer in your possession, custody, or control and, if it was destroyed or otherwise disposed of, the reason and manner it was destroyed or otherwise disposed of; and

   e. the full name and contact information for any person(s) who may have knowledge or information relating to the Text Message.

3. If you object to any Request, in whole or in part, on the grounds of privilege, identify the information required by the ESI Protocol entered in this action and Federal Rule of Civil Procedure 26(b)(5).

4. If you object to any Request on any ground other than privilege, you must specify the part of the Request that is objectionable, respond and allow inspection of Text Messages

responsive to the remainder of the Request, and state whether any responsive Text Messages are being withheld on the basis of an objection.

5. Unless otherwise specified in a specific Request, these Requests cover the time period from January 1, 2024 through and including the present.

6. These Requests are continuing in nature. If you receive or otherwise become aware of Text Messages responsive to any Request after you have served your response, you must promptly supplement your response pursuant to Federal Rule of Civil Procedure 26(e).

7. Text Messages shall be produced in a reasonably usable, text-searchable format that preserves the message content, all participants (sender and recipients), the date and time with time zone, and conversational threading, and shall be reasonably grouped by conversation. Text Messages shall not be produced solely as static images or PDF screenshots stripped of participant, timestamp, or threading information. Production shall otherwise conform to the Protocol Governing Production of Documents and Electronically Stored Information and the Protective Order entered in this action.

8. Nothing in these Requests calls for the production of any communication protected by the attorney-client privilege or work-product doctrine; any inadvertent production is governed by the clawback provisions of the ESI Protocol.

**DEFINITIONS**

The following definitions apply to these Requests:

1. "Complaint" means the Complaint in the above-captioned action filed in the United States District Court for the District of New Hampshire on April 3, 2026, entitled *Carol*

*L. Barsky, M.D. v. Dartmouth-Hitchcock Medical Center, et al.*, Case No. 1:26-cv-00259-SE-TSM.

2. “Defendants,” “you,” or “your” refers to Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Dartmouth Health"), and all of their subsidiaries, affiliates, divisions, predecessors, successors, attorneys, and any other persons under their control or acting or purporting to act on their behalf, including all past or present officers, employees, representatives, and agents.

3. “Plaintiff” or “Dr. Barsky” refers to Carol L. Barsky, M.D.

4. “Text Message” means any message sent or received through a Short Message Service (SMS), Multimedia Messaging Service (MMS), iMessage, or comparable mobile-device text-messaging function, and any message sent or received through an instant-messaging, chat, or collaboration platform (including, without limitation, Microsoft Teams, Slack, and WhatsApp), together with all content, attachments, participant identifiers, date-and-time information, and threading associated with such message. "Text Message" does not include email.

5. “Identified Custodians” means the following individuals, each of whom was identified in both Plaintiff's and Defendants' Rule 26(a)(1) initial disclosures: Dr. Joanne Conroy; Dr. Michael Calderwood; Aimee Claiborne; Dr. Maria Padin; Pat Jordan, Richard Casano, Samuel Shields, Mark Bigor, Roberta Hines, Pamela Thompson, Kim Gibbs, John Kakavas, Ed Merrens, Rick Powell, Joanne Reid, Wendy Fielding, Steve LeBlanc, Dan Janson, Victoria Adams, and Jason Godsell.

6. "Communication" means the transmission of information or data in any form.

7. "Related to," "relating to," or "regarding" means, in addition to their usual and customary meanings, concerning, referring to, reflecting, addressing, discussing, describing, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

8. The words "and" and "or" shall be construed disjunctively or conjunctively to bring within the scope of each Request all Text Messages that otherwise might be construed to be outside its scope.

9. The word "any" shall be construed to include "all" and vice versa, and any word in the singular form shall be construed as plural and vice versa.

## REQUESTS TO PRODUCE

**Request No. 1:** All Text Messages between or among any of the Identified Custodians, or between any Identified Custodian and any other individual, regarding post-COVID product-safety concerns, Dartmouth Health's use of gray-market products, and defective or suspect supplies (including examination gloves and IV fluids), and the sequestration, testing, replacement, or continued use of such products.

**Request No. 2:** All Text Messages between or among any of the Identified Custodians, or between any Identified Custodian and Dr. Barsky, relating to any concerns regarding the Dartmouth Health supply chain and any complaints raised regarding the same.

**Request No. 3**: All Text Messages between or among any of the Identified Custodians, or between any Identified Custodian and any other individual, relating to the 2024 supply chain report or the Community Group Practices' 2024 supply chain presentation.

**Request No. 4:** All Text Messages between or among any of the Identified Custodians, or between any Identified Custodian and any other individual, regarding Dartmouth Health supply chain consultants.

**Request No. 5:** All Text Messages between or among any of the Identified Custodians, or between any Identified Custodian and any other individual, regarding the termination of the VP of Supply Chain on September 19, 2024.

**Request No. 6:** All Text Messages between or among any of the Identified Custodians, or between any Identified Custodian and any other individual, regarding the departure of the Chief Operating Officer, Patrick Jordan("COO").

**Request No. 7:** All Text Messages between or among any of the Identified Custodians regarding the COO, and all Text Messages between any of the Identified Custodians on the one hand and the COO on the other hand.

**Request No. 8:** All Text Messages between Dr. Conroy on the one hand and any of the Identified Custodians or any Dartmouth health employee on the other hand.

**Request No. 9:** All Text Messages between or among any of the Identified Custodians, or between any Identified Custodian and Dr. Barsky, relating to Dr. Barsky's investigation of the Dartmouth Health supply chain, including product-safety concerns, gray-market products, and defective or suspect supplies (including examination gloves and IV fluids), and the sequestration, testing, replacement, or continued use of such products.

**Request No. 10:** All Text Messages between or among any of the Identified Custodians, or between any Identified Custodian and Dr. Barsky, relating to the investigations of the Dartmouth Health supply chain conducted by the outside law firm, by Vizient, and/or by ECRI, and any reports, findings, grades, or presentations arising from those investigations.

**Request No. 11:** All Text Messages between or among any of the Identified Custodians, or between any Identified Custodian and Dr. Barsky, relating to any presentation by Dr. Barsky to the Dartmouth Health Board of Trustees, including the February 2025 and April 2025 presentations, and any editing, revision, review of, or interference with her slides, talking points, or findings.

**Request No. 12:** All Text Messages between or among any of the Identified Custodians, or between any Identified Custodian and Dr. Barsky, relating to any report, complaint, or objection by Dr. Barsky concerning patient or employee safety, product quality, or compliance with federal or state law, including any concern that Dartmouth Health's supply chain practices posed a risk of harm or a risk of improper payment or claims involving federal health care programs.

**Request No. 13:** All Text Messages between or among any of the Identified Custodians, or between any of the Identified Custodians and any Dartmouth Health employee, regarding efforts to swap out gloves at Dartmouth Health clinics.

**Request No. 14:** All Text Messages between or among any of the Identified Custodians relating to the terms and conditions of Dr. Barsky's employment, including her reporting structure, job duties, compensation, and any change to any of them.

**Request No. 15:** All Text Messages between or among any of the Identified Custodians relating to any alleged disruptive, unprofessional, insubordinate, or "bullying" conduct by Dr. Barsky, including the comment attributed to Dr. Barsky on or about January 8, 2026 concerning Dr. Calderwood, and any prior warning or counseling of Dr. Barsky.

**Request No. 16:** All Text Messages between or among any of the Identified Custodians relating to the decision to terminate Dr. Barsky's employment, the reasons for her termination, the January 20, 2026 verbal termination, or the February 9, 2026 written notice of termination.

**Request No. 17:** All Text Messages between or among any of the Identified Custodians relating to the exclusion of Dr. Barsky from meetings, interviews, search committees, board appointments, or decisions; the transfer of the value-analysis team to or from the Supply Chain department; budget reductions affecting the Value Institute or the quality-improvement division; or any change to the reporting structure of Dr. Calderwood.

**Request No. 18:** All Text Messages between or among any of the Identified Custodians, or between any Identified Custodian and any other person, relating to Dr. Barsky, including any instruction to any employee not to communicate with Dr. Barsky following her termination.

**Request No. 19**: All Text Messages between or among any Identified Custodians concerning Dr. Conroy's job performance, including (i) her role in product-safety concerns, gray-market products, and defective or suspect supplies; (ii) complaints regarding her performance or conduct; or (iii) her demeanor and treatment of employees.

**Request No. 20:** All Text Messages between or among any of the Identified Custodians between the following dates: January 15, 2025 to June 15, 2025, and January 1, 2026 to February 28, 2026.

**Request No. 21:** All Text Messages between or among any of the Identified Custodians relating to any of the allegations in the Complaint, or to any claim or defense in this action, that are not otherwise produced in response to Requests Nos. 1 through 20.

Date: August 21, 2026

Respectfully submitted,

CAROL L. BARSKY, M.D.,
By her attorneys,

/s/ Sarah H. Nunan

Sarah H. Nunan (*pro hac vice*, VT Bar #5910)
Sarah Merlo (NH Bar #20361)
Geoffrey J. Vitt (NH Bar #9095)
VITT & NUNAN, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700
snunan@vittnunanlaw.com
smerlo@vittnunanlaw.com
gvitt@vittnunanlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via electronic mail upon all counsel as follows:

Victoria Breese, N.H. Bar No. 277022, vbreese@foley.com;
Jared Collins, M.A. Bar No. 715016, jared.collins@foley.com;
Donald Schroeder, M.A. Bar No. 64670, dschroeder@foley.com;
Katharine Beattie, M.A. Bar No. 666064, kbeattie@foley.com.

Dated: August 21, 2026

/s/ Sarah H. Nunan
Sarah H. Nunan
VITT & NUNAN, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700
snunan@vittnunanlaw.com