EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CAROL L. BARSKY M.D.,

Plaintiff,

v.

DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH,

Defendants.

Docket No. 1:26-cv-259-SE-TSM

**PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES TO DEFENDANT DARTMOUTH-HITCHCOCK HEALTH**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Hampshire, Plaintiff Carol L. Barsky, M.D., by and through her attorneys, Vitt & Nunan, PLC, requests that Defendant Dartmouth-Hitchcock Health serve upon the undersigned attorneys separate, sworn answers to each of the following interrogatories within thirty (30) days of the service of these interrogatories.

**INSTRUCTIONS**

1. Each interrogatory is to be answered fully based on information in your possession, custody, or control.
2. If you object to any interrogatory or any portion of an interrogatory on the grounds of privilege, identify:
   - the nature of the privilege claimed;
   - the person making the communication, whether oral or in writing;
   - if the communication was oral, all persons present while the communication was made;
   - if the communication was written, the author, addressees, and any other recipients of the communication;

- the relationship of the persons present to the person making the communication;
- the date and place of the communication; and
- the general subject matter of the communication.

3. Unless otherwise specified in a specific interrogatory, these interrogatories cover the time period from January 1, 2021 through and including the present.
4. These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your answers to these interrogatories, you must promptly supplement your answers to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e).
5. Where an interrogatory asks you to "identify" or "state the basis" for a contention, and you contend that responsive information is protected from disclosure by the attorney-client privilege or the work-product doctrine, you must so state and provide all responsive non-privileged information.
6. If the answer to any interrogatory may be determined by examining business records as permitted by Federal Rule of Civil Procedure 33(d), you must specify the records to be reviewed in sufficient detail to enable Plaintiff to locate and identify them as readily as you could and afford Plaintiff a reasonable opportunity to examine and copy them.

**DEFINITIONS**

The following definitions shall apply to these interrogatories:

7. "Complaint" means the Complaint filed in the above-captioned action in the United States District Court for the District of New Hampshire on April 3, 2026, entitled *Barsky v. Dartmouth-Hitchcock Medical Center, et al.*, Case No. 1:26-cv-259-SE-TSM.
8. "Answer" means Defendants' Answer and Affirmative Defenses filed in the above-captioned action on June 11, 2026.
9. "Defendants," "Dartmouth Health," "you," or "your" refers, individually and collectively, to Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health, and each of their subsidiaries, holding companies, member entities, officers, directors, trustees, employees, agents, representatives, attorneys, and any other persons under their control or acting or purporting to act on their behalf.
10. "Plaintiff" or "Dr. Barsky" refers to Carol L. Barsky, M.D., the Plaintiff in the above-captioned action.
11. "Board" means the Dartmouth Health System Board of Trustees and any committee thereof, including the Value Committee.
12. "Employment Agreement" means Dr. Barsky's letter agreement with Dartmouth Health dated January 26, 2021, and any amendment thereto.

13. "Separation Communication" means the letter dated February 9, 2026 from Dr. Joanne Conroy to Dr. Barsky memorializing the termination of Dr. Barsky's employment for Cause effective January 20, 2026.

14. "Termination" means Dartmouth Health's decision to terminate, and the termination of, Dr. Barsky's employment effective January 20, 2026.

15. "Supply Chain Investigation" means the review of Dartmouth Health's supply chain that the Board directed on or about January 17, 2025, that Dr. Barsky be assigned to conduct, together with the related evaluations of the Dartmouth Health supply chain performed by any outside law firm and by Vizient.

16. "Document" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including but not limited to, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), chat functions including but not limited to Teams, Slack, or WhatsApp, calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments.

17. "Communication" means the transmission of information or data in any form, including, without limitation, written, oral, or electronic transmissions.

18. "Correspondence" includes all letters, telegrams, notices, messages, emails, other written communications or memoranda, or other records of conversations, meetings, conferences, oral communications, marketing materials, solicitation information, or other documentation.

19. "Computer-usable format" shall mean Microsoft Word, Microsoft Excel, text only, rich text format, and/or comma-separated variable format, with information and data supplied on CD-ROMs or through a secure FTP link. The information and/or data supplied should not be zipped, compressed, encrypted, or otherwise restricted or proprietarily protected for specific use.

20. "Person," "persons," "individual" means any natural person or any legal entity, including but not limited to firms, partnerships, associations, joint ventures, and corporations, or any business, legal, or government entity, organization, or association.

21. "Related" or "relating" means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

22. "Identify" with respect to a person means to provide the person's (a) full name; (b) current or last known address; and (c) current or last known place of employment.
23. "Identify" with respect to a document means to provide, to the extent known: (a) the type of document or a general description of the document; (b) the general subject matter of the document; (c) the date of the document (or state that it is not dated); (d) the full name of each author, addressee, and recipient of the document; and (e) the document's Bates Number (if any).
24. The words "and" and "or" shall be construed disjunctively or conjunctively to bring within the scope of each interrogatory all responses which otherwise might be construed to be outside the scope of an interrogatory.
25. The word "any" shall be construed to include "all" and vice versa.
26. The word "each" shall be construed to include "every" and vice versa.
27. Any word in the singular form shall be construed to include the plural and vice versa.

## INTERROGATORIES

**Interrogatory No. 1:** IDENTIFY each person who participated in, recommended, approved, or made the decision to terminate Dr. Barsky's employment, and for each such person state their title, the nature of their involvement in the decision, and the date(s) of that involvement.

RESPONSE:

**Interrogatory No. 2:** State in complete detail each and every fact, act, or omission by Dr. Barsky that you contend constitutes the "pattern of disruptive, unprofessional, and insubordinate conduct" identified in the Separation Communication as the basis for the Termination, and for each IDENTIFY all persons with knowledge of that fact, act, or omission and all Documents that support your contention.

RESPONSE:

**Interrogatory No. 3:** Describe in complete detail the January 8, 2026 interaction between Dr. Barsky and Dr. Michael Calderwood referenced in the Separation Communication, including what Dr. Barsky is alleged to have said or done; IDENTIFY each person who witnessed the interaction or reported it to Dartmouth Health; and describe how, when, and by whom the interaction was reviewed or investigated and what was concluded.

RESPONSE:

**Interrogatory No. 4:** IDENTIFY each prior instance of "unprofessional interactions," counseling, or warning referenced in the Separation Communication—including the alleged 2023 incident involving Dr. Calderwood and the alleged late-2024 conversation in which Dr. Barsky was told it would be the "final conversation" regarding her conduct—and for each state the date, the persons involved, what was communicated, and IDENTIFY every Document memorializing it.

RESPONSE:

**Interrogatory No. 5:** State whether each instance of alleged unprofessional, disruptive, or insubordinate conduct on which the Termination was based is documented in Dr. Barsky's personnel file, and for any that is not, explain why it is not.

RESPONSE:

**Interrogatory No. 6:** State the date on which the decision to terminate Dr. Barsky's employment was made, IDENTIFY each person consulted before that decision was made, and describe what opportunity, if any, Dr. Barsky was given to respond to the allegations against her before the decision was made.

RESPONSE:

**Interrogatory No. 7:** IDENTIFY each person who at any time made a complaint or expressed a concern about Dr. Barsky's professionalism, conduct, or behavior, and for each state the date, the substance of the complaint or concern, the person(s) to whom it was made, whether it was made in writing, and any action Dartmouth Health took in response.

RESPONSE:

**Interrogatory No. 8:** IDENTIFY each and every statement or explanation that was provided to the Dartmouth Health System Board of Trustees about the decision to terminate Dr. Barsky's employment, whether it was made in writing, and the dates on which the statements were made.

RESPONSE:

**Interrogatory No. 9:** State the complete factual basis for your Eighth and Ninth Affirmative Defenses that Dartmouth Health had legitimate, non-retaliatory reasons for the Termination and that those reasons were not a pretext, including each fact you rely on, and IDENTIFY each person with knowledge and each Document that supports the contention.

RESPONSE:

**Interrogatory No. 10:** IDENTIFY each person who reviewed, edited, revised, or provided comments on any presentation, slides, or talking points prepared by Dr. Barsky for the Board concerning the Supply Chain Investigation, and for each describe the changes made and the reason for them.

RESPONSE:

**Interrogatory No. 11:** Describe each communication between Dr. Joanne Conroy and any other person concerning Dr. Barsky's employment, performance, conduct, the Supply Chain Investigation, or the Termination, stating for each the date, the participants, and the substance of

the communication, including but not limited to Joanne Reid, Christopher Hubble, Pat Jordan, Mark Bigor, Kim Gibbs, Roberta Hines, Michael Calderwood, and Aimee Claiborne.

RESPONSE:

**Interrogatory No. 12:** State whether Dr. Barsky's position as Chief Quality and Value Officer was eliminated or filled following the Termination and, if filled, IDENTIFY the person(s) who assumed the position or its responsibilities and state that person's compensation and benefits.

RESPONSE:

**Interrogatory No. 13:** Describe the reporting relationships applicable to Dr. Barsky and to Dr. Michael Calderwood from January 1, 2025 through the Termination, IDENTIFY each person who decided to change any such reporting relationship, and state the reason for each change.

**Interrogatory No. 14:** Identify the first time any member of the Board became aware of concerns relating to Dartmouth Health's supply chain, including without limitation regarding including product-safety concerns, gray-market products, and defective or suspect supplies (including examination gloves and IV fluids), and the sequestration, testing, replacement, or continued use of such products.

RESPONSE:

**Interrogatory No. 15:** IDENTIFY each person who at any time made a complaint or expressed a concern about issues with Dartmouth Health's supply chain, and for each state the date, the substance of the complaint or concern, the person(s) to whom it was made, whether it was made in writing, and any action Dartmouth Health took in response.

RESPONSE:

**Interrogatory No. 16:** IDENTIFY each action taken by Dartmouth Health in response to (A) the 2024 supply chain report or the Community Group Practices' 2024 supply chain presentation and/or (B) presentations made at the January, February, and April 2025 Board meetings.

RESPONSE:

**Interrogatory No. 17:** Describe the circumstances that led to the termination of the VP of Supply Chain on the September 19, 2024.

RESPONSE:

**Interrogatory No. 18:** Describe the circumstances that led to the Chief Operating Officer Patrick Jordan leaving his employment in 2025.

RESPONSE:

Dated: August 21, 2026

Respectfully submitted,

CAROL L. BARSKY, M.D.,
By her attorneys,

/s/ Sarah H. Nunan
Sarah H. Nunan (*pro hac vice*, VT Bar #5910)
Sarah Merlo (NH Bar #20361)
Geoffrey J. Vitt (NH Bar #9095)
VITT & NUNAN, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700
snunan@vittnunanlaw.com
smerlo@vittnunanlaw.com
gvitt@vittnunanlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via electronic mail upon all counsel as follows:

Victoria Breese, N.H. Bar No. 277022, vbreese@foley.com;
Jared Collins, M.A. Bar No. 715016, jared.collins@foley.com;
Donald Schroeder, M.A. Bar No. 64670, dschroeder@foley.com;
Katharine Beattie, M.A. Bar No. 666064, kbeattie@foley.com.

Dated: August 21, 2026

/s/ Sarah H. Nunan

Sarah H. Nunan
VITT & NUNAN, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700
snunan@vittnunanlaw.com