EXHIBIT D

**From:** Matthew Connolly
**To:** Beattie, Kate; Sarah Nunan
**Cc:** Schroeder, Don; Sarah Merlo; Collins, Jared
**Subject:** RE: Barsky v. Dartmouth-Hitchcock Medical Center
**Date:** Thursday, October 15, 2026 3:16:46 PM
**Attachments:** image001.png
image002.png

Kate,

Sarah and I connected on the messages. Dr. Conroy and the witnesses we noticed for depositions (Mark Bigor, Roberta Hines, Pamela Thompson, and Kim Gibbs) are the priority. We can also agree to withdraw requests for anyone not employed at D-H as of Aug. 21 when we sent the requests. As for the others, we will consider a proposal for a short further extension but are not currently willing to withdraw the requests.

Please let us know the answer to our questions from yesterday about which phones/messages have been collected and which you have reviewed.

Matt

**Matthew Connolly**
Partner
Nutter, McClennen & Fish, LLP
Direct / 617-439-2144

**From:** Matthew Connolly
**Sent:** Tuesday, October 13, 2026 4:45 PM
**To:** Beattie, Kate <kbeattie@foley.com>; Sarah Nunan <snunan@vittnunanlaw.com>
**Cc:** Schroeder, Don <DSchroeder@foley.com>; Sarah Merlo <smerlo@vittnunanlaw.com>; Collins, Jared <jared.collins@foley.com>
**Subject:** RE: Barsky v. Dartmouth-Hitchcock Medical Center

Kate,

I'll connect with Sarah and let you know if we can prioritize or amend the list.

Can you please let us know which collections have already been completed and whether you have begun reviewing documents for any of the custodians (and if so which ones)?

Matt

**Matthew Connolly**
Partner
Nutter, McClennen & Fish, LLP
Direct / 617-439-2144

---

**From:** Beattie, Kate <kbeattie@foley.com>
**Sent:** Tuesday, October 13, 2026 4:39 PM
**To:** Matthew Connolly <mconnolly@nutter.com>; Sarah Nunan <snunan@vittnunanlaw.com>
**Cc:** Schroeder, Don <DSchroeder@foley.com>; Sarah Merlo <smerlo@vittnunanlaw.com>; Collins, Jared <jared.collins@foley.com>
**Subject:** RE: Barsky v. Dartmouth-Hitchcock Medical Center

Matt, Sarah-

Thank you for your time yesterday. As discussed, we are working through the interrogatories and are aiming to get our responses to you next week.

On the document production, we have a call scheduled with the vendor tomorrow and I will follow up with an update. We will plan to do a rolling production so we can start producing responsive documents as possible. With that said, please let me know if you have proposals for narrowing the scope of text messages sought from personal cell phones. For example, can anyone on the below list be removed from the custodian list and/or can the proposed timeframe (Jan. 1, 2024 to current) be shortened for any of the requests?

- Dr. Joanne Conroy
- Dr. Michael Calderwood
- Aimee Claiborne
- Dr. Maria Padin
- Richard Casano
- Samuel Shields
- Mark Begor
- Roberta Hines
- Pamela Thompson
- Kim Gibbs
- John Kacavas
- Ed Merrens
- Rick Powell
- Joanne Reid
- Wendy Fielding
- Victoria Adams
- Jason Godsell

As I noted, the following individuals are no longer employed by D-H: Patrick Jordan (as referenced in your Interrogatory #18, his departure was last year (May 2025), Steve LeBlanc (retired late 2025), and Dan Janson (retired January 2026). I am double-checking on any other departures.

**Kate Beattie**
*Partner*

**Foley & Lardner LLP**
111 Huntington Ave, Suite 2500, Boston, MA 02199-7610
Phone 617.226.3136
View My Bio | Visit Foley.com | Follow us on LinkedIn | kbeattie@foley.com

---

**From:** Beattie, Kate <kbeattie@foley.com>
**Sent:** Friday, October 9, 2026 5:24 PM
**To:** Matthew Connolly <mconnolly@nutter.com>
**Cc:** Schroeder, Don <DSchroeder@foley.com>; Sarah Merlo <smerlo@vittnunanlaw.com>; Sarah Nunan <snunan@vittnunanlaw.com>
**Subject:** Re: Barsky v. Dartmouth-Hitchcock Medical Center

Matt-

Your assumptions are incorrect and you can leave our case staffing to us.

I can call you Monday or please send an invite.

Thanks,
Kate

---

**From:** Matthew Connolly <mconnolly@nutter.com>
**Sent:** Friday, October 9, 2026 3:21 PM
**To:** Beattie, Kate <kbeattie@foley.com>
**Cc:** Schroeder, Don <DSchroeder@foley.com>; Sarah Merlo <smerlo@vittnunanlaw.com>; Sarah Nunan <snunan@vittnunanlaw.com>
**Subject:** RE: Barsky v. Dartmouth-Hitchcock Medical Center

***** EXTERNAL EMAIL MESSAGE *****

Kate,

I'm available Monday at 2.

Your email reads as if you haven't started drafting answers or doing the phone collection (e.g., "*are engaging* a third party vendor"). There are four attorneys on your email below, including two other associates. I certainly agree with protecting paternity leave, but one of the four other attorneys on your side could have been helping him.

Matt

**Matthew Connolly**
Partner
Nutter, McClennen & Fish, LLP
Direct / 617-439-2144

---

**From:** Beattie, Kate <kbeattie@foley.com>
**Sent:** Friday, October 9, 2026 2:09 PM
**To:** Matthew Connolly <mconnolly@nutter.com>
**Cc:** Schroeder, Don <DSchroeder@foley.com>; Sarah Merlo <smerlo@vittnunanlaw.com>; Sarah Nunan <snunan@vittnunanlaw.com>
**Subject:** RE: Barsky v. Dartmouth-Hitchcock Medical Center

Hi Matt-

We have our associate on the case, Jared Collins, returning from parental leave on Tuesday, and he will be focused on getting the interrogatory responses to you as soon as possible. With respect to the document production, you are seeking almost exclusively text messages from personal cell phones, which poses significant technical and privacy issues. We are engaging a third party vendor to assist on that front, so will need extra time.

If you'd like to confer, I could talk Monday at 10:00 am, or between 1:00-3:00 pm.

Thank you,
Kate

**Kate Beattie**
*Partner*

**Foley & Lardner LLP**
Phone 617.226.3136

View My Bio | Visit Foley.com | Follow us on LinkedIn | kbeattie@foley.com

---

**From:** Matthew Connolly <mconnolly@nutter.com>
**Sent:** Wednesday, October 7, 2026 8:17 AM
**To:** Beattie, Kate <kbeattie@foley.com>; Sarah Nunan <snunan@vittnunanlaw.com>
**Cc:** Breese, Tori <VBreese@foley.com>; Schroeder, Don <DSchroeder@foley.com>; Liber, Matt <matt.liber@foley.com>; Sarah Merlo <smerlo@vittnunanlaw.com>
**Subject:** RE: Barsky v. Dartmouth-Hitchcock Medical Center

***** EXTERNAL EMAIL MESSAGE *****

Kate,

Let us know your availability to confer this week. If there is a health issue, family emergency, or the like, we would certainly consider an extension or rolling production for those reasons. Otherwise, we have already agreed to your requested 3-week blanket extension, and I don't expect we'd agree to extend the deadline further.

Matt

**Matthew Connolly**
Partner
Nutter, McClennen & Fish, LLP
Direct / 617-439-2144

---

**From:** Beattie, Kate <kbeattie@foley.com>
**Sent:** Tuesday, October 6, 2026 9:47 AM
**To:** Matthew Connolly <mconnolly@nutter.com>; Sarah Nunan <snunan@vittnunanlaw.com>
**Cc:** Breese, Tori <VBreese@foley.com>; Schroeder, Don <DSchroeder@foley.com>; Liber, Matt <matt.liber@foley.com>; Sarah Merlo <smerlo@vittnunanlaw.com>
**Subject:** RE: Barsky v. Dartmouth-Hitchcock Medical Center

Hi Matt, Sarah-

We are requesting an additional 2 week extension to respond to Plaintiff's interrogatories and document requests, which would put us at October 26th.

Thank you,
Kate

**Kate Beattie**
*Partner*

**Foley & Lardner LLP**
Phone 617.226.3136
View My Bio | Visit Foley.com | Follow us on LinkedIn | kbeattie@foley.com

---

**From:** Matthew Connolly <mconnolly@nutter.com>
**Sent:** Friday, September 18, 2026 9:20 AM
**To:** Beattie, Kate <kbeattie@foley.com>; Sarah Nunan <snunan@vittnunanlaw.com>
**Cc:** Breese, Tori <VBreese@foley.com>; Schroeder, Don <DSchroeder@foley.com>; Liber, Matt <matt.liber@foley.com>; Sarah Merlo <smerlo@vittnunanlaw.com>
**Subject:** RE: Barsky v. Dartmouth-Hitchcock Medical Center

***** EXTERNAL EMAIL MESSAGE *****

Kate,

If you are proposing to provide the written responses and produce responsive documents on October 12, then that date is fine.

Matt

**Matthew Connolly**
Partner
Nutter, McClennen & Fish, LLP
Direct / 617-439-2144

---

**From:** Beattie, Kate <kbeattie@foley.com>
**Sent:** Friday, September 18, 2026 9:05 AM
**To:** Sarah Nunan <snunan@vittnunanlaw.com>
**Cc:** Matthew Connolly <mconnolly@nutter.com>; Breese, Tori <VBreese@foley.com>; Schroeder, Don <DSchroeder@foley.com>; Liber, Matt <matt.liber@foley.com>; Sarah Merlo <smerlo@vittnunanlaw.com>
**Subject:** RE: Barsky v. Dartmouth-Hitchcock Medical Center

Sarah-

Good to catch up yesterday. As we mentioned, we are requesting a three week extension to

respond to the discovery requests (October 12).

Thank you,
Kate

**Kate Beattie**
*Partner*

**Foley & Lardner LLP**
Phone 617.226.3136
View My Bio | Visit Foley.com | Follow us on LinkedIn | kbeattie@foley.com

---

**From:** Sarah Nunan <snunan@vittnunanlaw.com>
**Sent:** Friday, August 21, 2026 10:54 PM
**To:** Beattie, Kate <kbeattie@foley.com>; Schroeder, Don <DSchroeder@foley.com>; Collins, Jared <jared.collins@foley.com>; Breese, Tori <VBreese@foley.com>
**Subject:** Barsky v. Dartmouth-Hitchcock Medical Center

***** EXTERNAL EMAIL MESSAGE *****
Hi Katie & Don,

Attached please find Plaintiff's First RTP to Defendants and Plaintiff's First set of Interrogatories to Dartmouth-Hitchcock Health.

Sincerely,

Sarah

SARAH H. NUNAN
Vitt & Nunan, PLC
802-649-5700 Ext. 107
PO Box 1229
8 Beaver Meadow Road
Norwich, VT 05055
snunan@vittnunanlaw.com
Fax 802-649-1692
www.vittnunanlaw.com

---

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

This Electronic Message contains information from the law firm of Nutter, McClennen & Fish, LLP, which may be privileged and confidential. The information is intended to be for the use of the addressee only. If you have received this communication in error, do not read it. Please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular

matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.